**LOKER LAW, APC**
Matthew M. Loker, Esq. (279939)
matt@loker.law
Scott M. Plescia (349319)
scott@loker.law
132 Bridge Street
Arroyo Grande, CA 93420
Telephone: (805) 994-0177
Facsimile: (805) 994-0197

*Attorney for Plaintiff*,
Antonio Stallone

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANTONIO STALLONE,**<br><br>Plaintiff,<br><br>v.<br><br>**DISCOVER BANK; AND, CHIME FINANCIAL, INC.,**<br><br>Defendant. | **Case No.:**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE ELECTRONIC FUNDS TRANSFER ACT, 15 U.S.C. § 1693, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

# INTRODUCTION

1. The stated purpose of the Electronic Fund Transfers Act, 15 U.S.C. § 1693, et seq. ("EFTA"), is to "provide a basic framework establishing the rights, liability, and responsibilities of participants in electronic fund transfer systems." 15 U.S.C. § 1693(b). EFTA's "primary objection…is the provision of individual consumer rights." *Id*. Moreover, the language of EFTA indicates that the consumer protection measures contemplated by it are aimed at promoting disclosure, preventing fraud, and allocating liability. *Id*., at 1693d-1.

2. ANTONIO STALLONE ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of Discover Bank ("Discover') and Chime Financial Inc,. ("Chime") with regard to series of unauthorized electronic funds transfers.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

6. Any violations by each Defendant were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

**LOKER LAW, APC**
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to federal question jurisdiction under 28 U.S.C. § 1331. More particularly, this action arises out of Defendant's violations of the Electronic Fund Transfers Act, 15 U.S.C. § 1693, et seq. ("EFTA").

9. Because Defendant conducts business within the State of California, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in San Bernardino County in this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

11. Plaintiff is a natural person who resides in San Bernardino County, State of California, and is a "person" as defined by Regulation E in 12 C.F.R. 1005.2(j).

12. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. 1693a(6).

13. Discover is a banking corporation located in Illinois.

14. Chime is a banking corporation located in California.

15. Discover and Chime are both a "financial institution" as defined by 15 U.S.C. 1693a(9).

16. Discover and Chime are both a corporation doing business in the County of San Bernardino, State of California, and are a "person" as defined by Regulation E in 12 C.F.R. 1005.2(j).

## FACTUAL ALLEGATIONS

17. At all times relevant, Plaintiff is an individual residing within the State of California.

18. Plaintiff maintained a deposit account with Discover that constitutes an "account" as defined by 15 U.S.C. § 1693a(2) and 12 C.F.R. 1005.2(b)(1). Plaintiff had a debit card ending in 7070 that was associated with his deposit account with Discover (the "Discover Account").

19. Plaintiff maintained a deposit account with Chime that constitutes an "account" as defined by 15 U.S.C. § 1693a(2) and 12 C.F.R. 1005.2(b)(1). Plaintiff had a debit card ending in 0328 that was associated with his deposit account with Chime (the "Chime Account").

20. On or around February 11, 2025, Plaintiff had his cell phone and wallet stolen.

21. Plaintiff's cell phone contained personal identifying information and had access to Plaintiff's bank accounts, inclusive of the Discover and Chime Accounts.

22. On February 13, 2025, Plaintiff filed a police report with the Barstow Police Department outlining the theft.

23. The Barstow Police department was eventually able to track Plaintiff's cell phone and recover Plaintiff's property.

24. Before Plaintiff's property could be recovered, the Fraudster had made a slew of fraudulent transactions.

25. The Fraudster made fraudulent transactions totaling approximately $1300 dollars from the Discover Account

26. The Fraudster made fraudulent transactions totaling approximately $300 from the Chime Account.

27. Plaintiff was distraught as this was the totality of Plaintiff's savings. Plaintiff needed this money to pay rent and provide for his infant child.

28. Plaintiff instantly sent Chime and Discover a written dispute. This dispute contained a narrative explaining the theft of Plaintiff's property and attached a copy of the aforementioned Police Report from the Barstow Police Department.

29. Plaintiff also made a plethora of telephonic disputes to Chime and Discover.

30. On February 14, 2025, Discover sent Plaintiff correspondence that they were denying his disputes and upholding the transactions as valid.
31. On February 23, 2025, Chime sent Plaintiff correspondence that they were denying his disputes and upholding the transactions as valid.
32. Plaintiff was devastated as he desperately needed this money to keep up with his monthly obligations.
33. This has caused Plaintiff emotional and financial stress.
34. Plaintiff submitted his dispute to Discover and Chime in less than 60 days from receipt of Account statements showing the unauthorized transactions.
35. Defendants' investigation was unreasonable.
36. More specifically, Discover and Chime should have discovered from its own records, including Plaintiff's investigative materials, that the transactions at issue were unauthorized and fraudulent transactions.
37. Plaintiff was not in possession of his cellphone or his wallet when these transactions occurred.
38. Defendants did not have a reasonable basis for believing that Plaintiff's account was not in error.
39. Defendants knowingly and willfully concluded that Plaintiff's account was not in error when such conclusion could not reasonably have been drawn from the evidence available to Defendants at the time of its investigation.
40. Through this conduct, Defendants violated 15 U.S.C. § 1693f.
41. Through this conduct, Defendants violated 15 U.S.C. § 1693g.
42. The abovementioned transactions were unauthorized electronic fund transfers as defined by 15 U.S.C. § 1693a(12); and, 12 C.F.R. 1005.2(m).
43. To date, Defendants continues to hold Plaintiff responsible for the fraudulent transactions.

44. Since Plaintiff's efforts to be absolved of the unauthorized fraudulent transactions were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's dispute.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT
## 15 U.S.C. §§ 1693, ET SEQ. (EFTA)

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The foregoing acts and omissions constitute numerous and multiple violations of EFTA.

47. As a result of each and every violation of EFTA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1693m(a)(1); statutory damages pursuant to 15 U.S.C. § 1693m(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1693m(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

- An award of actual damages pursuant to 15 U.S.C. § 1693m(a)(1) for Plaintiff;
- An award of treble damages pursuant to 15 U.S.C. § 1693f(e);
- An award of statutory damages of no less than $100 nor greater than $1,000 pursuant to 15 U.S.C. § 1693m(a)(2)(A) for Plaintiff;
- An award of costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1693m(a)(3);
- Any and all other relief the Court deems just and proper.

**TRIAL BY JURY**

48. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: March 17, 2025                    Respectfully submitted,

**LOKER LAW, APC**

By: ___/s/ Matthew M. Loker, Esq.___
MATTHEW M. LOKER, ESQ.
ATTORNEY FOR PLAINTIFF